## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Jesse Ketzbeau,

                    Plaintiff,

v.

Curtis Ivy, Jr., *et. al*,

                    Defendants.

_____/

Case No. 24-11006

Judith E. Levy
United States District Judge

Mag. Judge Patricia T. Morris

## OPINION AND ORDER PARTIALLY DISMISSING THE
## <u>COMPLAINT</u>

Before the Court is Plaintiff Jesse Ketzbeau's *pro se* civil rights complaint. (ECF No. 1.) Ketzbeau, a pre-trial detainee currently confined at the Clare County Jail in Harrison, Michigan, proceeds without prepayment of the filing fee pursuant to 28 U.S.C. § 1915(a)(1). (ECF No. 13.) He brings suit against Judge Curtis Ivy, Jr., Judge Frances K. Behm, Nancy Abraham, Craig A. Daly, Sanford Plotkin, Alan. A. Crawford,

Corporal Nokes, Corporal White, Deputy O'Neil, and Deputy Lowe,[1] and alleges various constitutional violations.

For the reasons set forth below, Plaintiff's complaint is partially dismissed.

## I.   Background

Plaintiff is currently being held in Clare County Jail awaiting trial in his federal criminal case. (ECF No. 1, PageID.2.) He alleges that United States Magistrate Judge Ivy, United States District Judge Behm, Nancy Abraham, Craig A. Daly, Sanford Plotkin, and Alan A. Crawford violated his rights during pre-trial proceedings, and that Corporal Nokes, Corporal White, Deputy O'Neil, and Deputy Lowe violated his rights as a detainee at Clare County Jail.

On June 12, 2023, Plaintiff made his initial appearance before United States Magistrate Judge Curtis Ivy, Jr. (ECF No. 1, PageID.8–9.) Plaintiff claims Judge Ivy failed to give him a full detention hearing, among other issues. (*Id.*)

---

[1] Plaintiff's handwritten case caption on his complaint lists Clare County Jail and "US Marshal Service" as Defendants. (ECF No. 1, PageID.1.) However, these two entities are not listed as a Defendant in his list of parties, nor does he list any claim against those entities. (*See id.* at PageID.2–4, 6–17.) As such, the Court will not construe the complaint as including them as Defendants.

During this initial hearing, Plaintiff's court-appointed attorney Craig A. Daly allegedly refused to submit motions for a speedy trial and "appeal bond" at Plaintiff's request. (*Id.* at PageID.12.) Additionally, Daly allegedly accused Plaintiff of being a member of a gang without proof, and disclosed this to his former girlfriend. (*Id.*) Plaintiff also claims that Daly waived his preliminary exam without his consent. (*Id.*) Finally, Plaintiff states that shortly after submitting this waiver, Daly filed a motion to withdraw as his attorney on July 19, 2023, which was granted by Judge Behm on August 29, 2023. (*Id.* at PageID.10.)

After Daly withdrew, Sanford Plotkin was appointed to be Plaintiff's counsel. (*Id.* at PageID.13.) Plaintiff alleges that Plotkin failed to file multiple motions at Plaintiff's request. (*Id.*) Plotkin entered a motion to withdraw as his counsel, which was granted by Judge Behm on December 12, 2023. (*Id.* at PageID.10.)

During the hearing on Plotkin's motion for withdrawal, Plaintiff claims that Assistant United States Attorney Nancy Abraham made him feel "verbally threaten[ed and] ass[a]ulted verbally" after telling him, "you have not seen nothing yet." (*Id.* at PageID.11.)

Plaintiff alleges that his third court-appointed attorney, Alan A. Crawford, also failed to adopt his motions for a speedy trial and instead submitted a motion for a competency hearing. (*Id.* at PageID.14.) Plaintiff alleges that, by filing this motion on the same day of his assertion of his right to a speedy trial, Crawford was attempting to "mislead and hamper defense strategy" and that Crawford engaged in professional misconduct. (*Id.* at PageID.10.)

On July 9, 2023, while in detention at Clare County Jail, Plaintiff and another inmate named Collier asked Corporal Nokes for a grievance form and a notary, which Corporal Nokes denied. (*Id.* at PageID.15.) Plaintiff also alleges that Corporal Nokes angrily responded to his request, using profanity and threats, and took Collier to "segregation" afterwards. (*Id.*)

Plaintiff also claims that, on April 3, 2024, he was "deprived of food while fasting for the month of Ramadan" by Corporal White, Deputy O'Neil, and Deputy Lowe at the Clare County Jail. (*Id.* at PageID.17.) Plaintiff states that he had an adverse reaction to the eggs in the food he ate. Plaintiff requested alternative food options, but Deputies O'Neil and Lowe informed him that Corporal White said there was "nothing they

could do" and instructed him to write to the nurse. (*Id.*) Plaintiff told the deputies that he had been writing to the nurse for multiple weeks and had received no response. (*Id.*) Plaintiff claims that the deputies refused to provide him with alternative mealtimes and food, causing him to break his fast. (*Id.*)

Plaintiff requests monetary damages and that his criminal charges be dismissed with prejudice. (*Id.* at PageID.18.)

## II.    Screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A

### A.    Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to dismiss on its own an *in forma pauperis* complaint before service if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The dismissal standard under the PLRA is equivalent to that of Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). When evaluating a complaint under that standard, courts "construe the complaint in the light most favorable to the plaintiff, accept all well-

pleaded factual allegations as true, and examine whether the complaint contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill v. Snyder*, 878 F.3d 193, 203 (6th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2)–(3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal citation omitted). Rule 8's pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 at 662 (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). And "naked assertion[s] devoid of further factual enhancement," will not survive screening. *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

"A complaint can be frivolous either factually or legally." *Anson v. Corr. Corp. of Am.*, 529 F. App'x 558, 559 (6th Cir. 2013) (citing *Lappin*, 630 F.3d at 470). The former is found "when [the complaint] relies on 'fantastic or delusional' allegations"; the latter, "when 'indisputably meritless' legal theories underlie the complaint." *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989)).

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege a violation of a right secured by the federal Constitution or laws and must show that the violation was committed by a person acting under color of state law." *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). To state a claim against a federal officer or agent under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), Plaintiff must plead that each federal "Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. *Pro se* civil rights complaints are construed liberally. *See Stanley v. Vining*, 602 F.3d 767, 771 (6th Cir. 2010).

## B.    Analysis

Because Plaintiff proceeds *in forma pauperis* (ECF No. 13), the Court will screen his complaint pursuant to 28 U.S.C. §§ 1915(e)(2)() and 1915A(a).

### i.    *Claims against Judge Ivy and Judge Behm in their individual capacity*

Plaintiff alleges that Judge Ivy violated his Fourteenth Amendment Due Process rights, his Fifth Amendment rights, and his Fourth Amendment rights. (ECF No. 1, PageID.6.) He also alleges that Judge Behm violated his Fifth, Sixth, and Fourteenth Amendment rights. (*Id.*). The allegations against Judges Ivy and Behm, construed liberally in Plaintiff's favor, are all related to their role as judges in his criminal case. (*Id.* at PageID.8–10.)

Judges are entitled to absolute judicial immunity when they are performing their judicial functions and acting within their jurisdiction. *Newsome v. Merz*, 17 F. App'x 343, 345 (6th Cir. 2001); *see also Kurz v. Mich.*, 548 F.2d 172, 174 (6th Cir. 1977) ("No immunity doctrine affecting persons is more strongly established than that of judicial immunity.").

Plaintiff alleges that both judges violated his constitutional rights when they acted within their judicial function (conducting hearings and

8

the granting or denying of motions). These actions occurred while they were acting in their judicial capacity. And there is no indication that they lacked jurisdiction over Plaintiff's criminal case.

Thus, the claims against Judges Ivy and Behm in their individual capacity must be dismissed.

> ### ii. *Claims against Nancy Abraham in her individual capacity*

Plaintiff's complaint, when construed liberally in his favor, alleges that Abraham violated his Fourth Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment, and Fourteenth Amendment Due Process rights. (ECF No. 1, PageID.6 (alleging Fourth, Eight, and Fourteenth Amendment violations); *Id.* at PageID.11 (alleging Fourth, Fifth, Sixth, and Fourteenth Amendment violations).) Plaintiff alleges that Abraham had a conversation with him and his attorneys on December 12, 2023, on or around 1:00 to 4:00 p.m., where she made two statements. (*Id.* at PageID.11.) First, she stated "what do you expect to get," which appears related to the effectiveness of Plaintiff's counsel. (*Id.* at PageID.8, 11.) Second, in response to Plaintiff's statement, "you are dealing with me harshly," Abraham allegedly responded, "you have not seen nothing yet." (*Id.*) Plaintiff claims that the consequence of

Abraham's statements is that they "caused discomfort," "put [him] in High Anxiety an[d] fear of later consequence of improper proceedings against me," that he "felt verbally threaten assaulted." (*Id.*)

Plaintiff's complaint does not contain 'sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Plaintiff's allegations, taken as true, do not demonstrate that Abraham's conduct deprived Plaintiff of his constitutional rights.

Plaintiff's complaint, construed liberally, alleges that Abraham violated his Fifth Amendment Due Process[2] right (ECF No. 1, PageID.11 (stating "due process")), and his Eighth Amendment "cruel unusual punishment" right. (*Id.* at PageID.6.) However, Plaintiff does not provide any connection between Abraham's statements and a deprivation of either of these rights.

Plaintiff also contends that Abraham violated his Sixth Amendment "ineffective counsel on speedy trial violation" right. (ECF No. 1, PageID.11.) Abraham is not the proper defendant for these claims. Abraham does not represent Plaintiff and thus cannot be sued for

---

[2] Other Fifth Amendment rights, such as the right against self-incrimination or double jeopardy, are not relevant to Plaintiff's claims.

ineffective assistance of counsel. *See Boyer v. Clinton Cnty. Sheriff's Office*, 645 F. Supp. 3d 815, 824 n.5 (S.D. Ohio 2022).

Finally, Plaintiff's claim that Abraham violated his "14th [Amendment] due process" right must be dismissed. (ECF No. 1, PageID.11.) The Fourteenth Amendment "applies only to the States," and, thus, cannot be asserted against Abraham, who is a federal prosecutor. *Shelley v. Kraemer*, 334 U.S. 1, 8 (1948).

For the reasons set forth above, Plaintiff's claims against Abraham are dismissed.

### iii.    Claims against Craig A. Daly, Sanford Plotkin, and Alan A. Crawford in their individual capacity

Plaintiff also brings suit against Daly, Plotkin, and Crawford, who were or are his appointed counsel in his federal criminal case. (ECF No. 1, PageID.12–14.) He alleges that all three violated his Fourth, Fifth, Sixth, and Fourteenth Amendment Rights during their representation of him (*Id.* at PageID.6) and "neglected to properly assist me in legal matters." (*Id.* at PageID.12–14.) He also feels that their "strategy [was] to hamper defense." (*Id.*)

Plaintiff's claims against these Defendants must be dismissed because they are not state or federal officials and thus are not subject to

liability under § 1983 or *Bivens*. Criminal defense attorneys, including public defenders, do not act "'under color of state law' within the meaning of § 1983" and are therefore not state actors subject to suit under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 318, 324–25 (1981) (holding that public defenders do not act "under color of state law within the meaning of § 1983") (footnote omitted). Similarly, attorneys appointed to represent criminal defendants are not federal officials for purposes of *Bivens* liability. *Jackson v. Fed. Pub. Defenders Office*, No. 1:09-cv-279, 2010 WL 446898 at *3 (E.D. Tenn. Feb. 2, 2010) ("[C]ourts have uniformly held [that] an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law.") (collecting cases).

Therefore, Plaintiff's claims against Daly, Plotkin, and Crawford are dismissed because they are not cognizable claims.

> iv.   *Claims against Corporal Nokes in his individual capacity*

Plaintiff brings suit against Corporal Nokes, an employee of the Clare County Jail, under the First and Eighth Amendment. (ECF No. 1, PageID.4, 6.) As to Corporal Nokes, Plaintiff alleges:

petitioner Ketzbeau sought notary services related to petitioners proceeding and so requested a grievance form cause kites were not being answered along side a former inmate [illegible] Collier& suffered fear an axienty seen Corporale Nokes take Collier to segregation on July [illegible] 2023 it discouraged Petitioner to go forward into fighting my case in the Courts . . . .

(*Id.* at PageID.15.)

"The First Amendment affords prisoners a right of access to the courts." *Rodgers v. Hawley*, 14 F. App'x 403, 408 (6th Cir. 2001). In order for Plaintiff to state a claim that Corporal Nokes denied his First Amendment right of access to the courts, he must allege that the "prison officials' conduct inflicted an 'actual injury,' i.e., that the conduct hindered his efforts to pursue a nonfrivolous legal claim." *Id.* at 409 (citing *Lewis v. Casey*, 518 U.S. 343, 351–53); *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011). Plaintiff has not stated a claim under the First Amendment for right of access to the courts. Though he states that Corporal Nokes denied him access to a notary, he does not explain how this conduct "hindered his efforts to pursue a nonfrivolous legal claim." *Id.* Plaintiff does not explain which claims he sought to bring, and the Court is unable to evaluate the non-frivolous nature of these claims. (ECF No. 1, PageID.15.) Further, Plaintiff does not explain why notary services are required for him to bring a suit or otherwise gain access to

the courts. (*Id.*) As such, Plaintiff has failed to state a First Amendment claim based on access to the courts against Corporal Nokes.

However, Plaintiff's allegations that Corporal Nokes violated his First Amendment rights against retaliation survives screening under 8 U.S.C. §§ 1915(e)(2)(B) and 1915A. Plaintiff alleges that Corporal Nokes "got extremely mad and was using profanity an got upset we were asking [for a grievance form and a notary] an told Collier go to (segregation)." (*Id.*) The Court finds that this may be adequate to state a First Amendment retaliation claim against Corporal Nokes at this stage of the case.[3]

Plaintiff also brings suit against Corporal Nokes under the Eighth Amendment, for cruel and unusual punishment. (ECF No. 1, PageID.6

---

[3] 42 U.S.C. § 1997e(a) requires that prisoners exhaust their administrative remedies prior to filing suit. The administrative remedy must be "available." *Does 8-10 v. Snyder*, 945 F.3d 951, 962–63 (6th Cir. 2019). "Exhaustion is not required 'when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 963 (quoting *Ross v. Blake*, 578 U.S. 632, 644 (2016)). Plaintiff states that he was unable to file a grievance because "CPL Nokes an other unnamed dupty stop inmates from doing so," and that he asked for a grievance form and was denied. (ECF No. 1, PageID.20.) He also contends that he informed the named Defendants of his claim and grievances. (*Id.* at PageID.21.) Plaintiff alleged that the grievance process was unavailable to him because jail staff did not give him a grievance form, and states that he otherwise tried to inform them of his claims. Thus, at this stage of the case, Plaintiff is not required to demonstrate that he exhausted his administrative remedies.

(writing "8th Amendment unusual punishment" next to Corporal Nokes'
name).) While Plaintiff states that Corporal Nokes violated his Eighth
Amendment "unusual punishment" rights in the "basis for jurisdiction"
section of his complaint (ECF No. 1, PageID.6), Plaintiff's specific factual
allegations as to Corporal Nokes do not mention the Eighth Amendment.
(*Id.* at PageID.15–16.)

Construing the complaint in the light most favorable to the
Plaintiff, Plaintiff alleges that Corporal Nokes violated his rights when
he threatened to send him to segregation if Plaintiff continued to request
a grievance and a notary.

The Eight Amendment does not apply to pretrial detainees, such as
Plaintiff. *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244
(1983). However, "[t]he Due Process Clause of the Fourteenth
Amendment provides the same protections to pretrial detainees" as the
Eighth Amendment. *Westmoreland v. Butler County*, 29 F.4th 721, 727
(6th Cir. 2022). With regard to the Eighth Amendment's prohibition on
"cruel and unusual punishment," the Fourteenth Amendment provides
more protection to pretrial detainees because "pretrial detainees (unlike
convicted prisoners) cannot be punished at all." *Kingsley v. Kendrickson*,

576 U.S. 389, 400–01 (2015). Even so, pretrial detainees can be subject to restrictions, such as being placed in segregation, when the restriction is required for government reasons such as maintaining jail security and order. *See Bell v. Wolfish*, 441 U.S. 520, 539–40 (1979).

The Court finds that Plaintiff's allegations may be adequate to state a claim under the Fourteenth Amendment against Corporal Nokes at this stage of the case.[4]

> v.   *Claims against Corporal White, Deputy O'Neil, Deputy Lowe in their individual capacity*

Finally, Plaintiff brings suit under the Eighth Amendment against Corporal White, Deputy O'Neil, and Deputy Lowe, who are employees of the Clare County Jail. (ECF No. 1, PageID.4.) He alleges that

> petitioner was deprived of food while fasting for the month of Ramadan had informed numerous duputy's before about the lack of food and the need to change the eggs with mayo in it I began weeks before that I began to swelling up in my throat an asked a duputy for Tylenol to calm it down an wrote kites to nurse to inform them that I think its from the eggs from my own observation we only been feed peanut butter single scoop. Pretzels, noodle salad cold apple sauce cups two, single serve of powder milk or eggs scrambled with mayo in it with pretzels two pieces of bread and cold noodles salad

---

[4] For the reasons set forth above, *see supra* n.3, Plaintiff is not required to demonstrate that he exhausted his administrative remedies for this claim against Corporal Nokes.

for the knight time in the morning before dawn was served peanut butter sandwich sumtimes jelly with it sumtimes not, cereal, powder milk, apple sauce cup, sumtimes a cake, sumtimes not, sumtimes with a floppy egg disc sumtimes without both where cold meals with no meat we had meat sandwich about 3 times an stop an for 30 days was feed cold meals I informed many duputys about my stomach being locked up an hard to use the bathroom so the 3rd of April 2024 I told duputy Lowe than he can take the eggs an see if he can trade it out for sumthing I could eat. Duputy Lowe took the tray came back with O'Neil Duputy an stated corprale white said there is nothing they can do told me to write the nurse again I let them no I have for weeks, no response so they refused to feed me properly so I went without that knight so I ended up breaking my fast because I was so hungry from not being able to eat a full meal . . . .

(*Id.* at PageID.17.)

As stated earlier, the Eight Amendment does not apply to pretrial detainees like Plaintiff. *City of Revere*, 463 U.S. at 244. However, "[t]he Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees" as the Eighth Amendment. *Westmoreland*, 29 F.4th at 727.

Plaintiff appears to allege that the three employees denied him adequate food and/or denied him medical treatment due to his "swelling up in [his] throat" after eating food with eggs. (ECF No. 1, PageID.17.)

The Court finds that this may be adequate to state a claim under the Fourteenth Amendment at this stage of the case.[5]

        *vi.*   *Claims against all Defendants in their official capacities*

Plaintiff's complaint specifies that he also brings suit against all Defendants in their official capacities. (ECF No. 1, PageID.2–4.) Plaintiff's claims against Defendants in their official capacities must be dismissed.

A suit against a government official in their official capacity "is *not* a suit against the official personally," but is a suit "against [the] entity of which an officer is an agent," such as the state or federal government. *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985). When a government official is sued in their official capacity, the suit "is the equivalent of a suit against the governmental entity." *Matthew v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

Plaintiff's suit against Judge Ivy, Judge Behm, and Abraham in their official capacity must be dismissed because of sovereign immunity. These three Defendants are federal employees, and a suit brought

---

[5] For the reasons set forth above, *see supra* n.3, Plaintiff is not required to demonstrate that he exhausted his administrative remedies for his claims against Corporal White, Deputy O'Neil, and Deputy Lowe.

against a federal employee in their official capacity is brought against the federal government. *Graham*, 473 U.S. at 166. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Department of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)). Plaintiff has not identified a waiver of sovereign immunity with regard to his claims against Judge Behm, Judge Ivy, or Abraham in their official capacities. As such, the Court lacks jurisdiction over these claims.

Plaintiff's suit against Daly, Plotkin, and Crawford in their official capacities also must be dismissed. As set forth above, Daly, Plotkin, and Crawford were appointed to represent Plaintiff and cannot be sued as government actors under § 1983 and *Bivens* because they do not act under color of state law. *See supra* Section II.B.iii; *see also Dodson*, 454 U.S. at 333 n.4 (Blackmun, J., dissenting) (stating that court-appointed attorneys are not state officials and "depend on the State only for a fee"). Thus, they cannot be sued in their official capacity.

Plaintiff's 42 U.S.C. § 1983 suit against Corporal Nokes, Corporal White, Deputy O'Neil, and Deputy Lowe in their official capacities must be dismissed as well. These four Defendants are alleged to be employees

19

of the Clare County Jail (ECF No. 1, PageID.4), which is operated by Clare County. Because they are sued in their official capacity, Plaintiff's suit is against Clare County. *See Jackson v. Gill*, 70 F. App'x 249, 250 (6th Cir. 2003) (stating that "the real party in interest was the county government" when jail employees were sued in their official capacity).

Counties can be sued for constitutional violations under § 1983 and are not subject to sovereign immunity. *Alkire v. Irving*, 330 F.3d 802, 814 (6th Cir. 2003). However, "municipalities are not 'liable for every misdeed of their employees and agents.'" *Id.* at 814–15 (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363 (6th Cir. 1993)). "Governmental entities cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged violation of constitutional rights." *Watson v. Gill*, 40 F. App'x 88, 89 (citing *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692 (1978)). A plaintiff can demonstrate a municipal policy or custom by pleading "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the

existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)

Plaintiff's complaint does not allege that there was an unconstitutional policy or custom or failure to train that led to the alleged violations of his constitutional rights. (ECF No. 1.) Thus, his claims against the Clare County Jail employees in their official capacities must be dismissed.

## III. Conclusion

For the reasons set forth above, the Court DISMISSES IN PART the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief can be granted.

Specifically, Defendants Judge Curtis Ivy, Jr., Judge Frances K. Behm, Nancy Abraham, Craig A. Daly, Sanford Plotkin, and Alan. A. Crawford are DISMISSED WITH PREJUDICE. Plaintiff's claims against Corporal Nokes, Corporal White, Deputy O'Neil, and Deputy Lowe in their official capacity are DISMISSED WITH PREJUDICE. Plaintiff's First Amendment access to the courts claim against Corporal Nokes is DISMISSED. Plaintiff's First Amendment retaliation claim and Eighth/Fourteenth Amendment against Corporal Nokes in his individual

capacity, and Plaintiff's claims against Corporal White, Deputy O'Neil, and Deputy Lowe in their individual capacities, will remain in the case.

Accordingly, the Court directs that a copy of the complaint and a copy of this order be served upon Corporal Nokes, Corporal White, Deputy O'Neil, and Deputy Lowe by the United States Marshal without prepayment of costs.

IT IS SO ORDERED.

Dated: October 17, 2024                    s/Judith E. Levy
Ann Arbor, Michigan                        JUDITH E. LEVY
                                           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 17, 2024.

                                           s/Teresa McGovern
                                           TERESA MCGOVERN
                                           Case Manager