UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Jesse Ketzbeau,

                Plaintiff,        Case No. 24-11006

v.                                     Judith E. Levy
                                           United States District Judge

Nokes, *et. al*,

                                           Mag. Judge Patricia T. Morris

                Defendants.

_____/

## OPINION AND ORDER STRIKING PLAINTIFF'S FILING [16]

Before the Court is *pro se* Plaintiff Jesse Ketzbeau's filing titled, "Petitioning the courts to amend civil complaint lawsuit objections to dismissal."[1] (ECF No. 16.) Ketzbeau, a pre-trial detainee currently confined at the Clare County Jail in Harrison, Michigan, filed a civil complaint on April 17, 2024. (ECF No. 1.) Plaintiff identified as Defendants Judge Curtis Ivy, Jr., Judge Frances K. Behm, Nancy Abraham, Craig A. Daly, Sanford Plotkin, Alan A. Crawford, Corporal Nokes, Corporal White, Deputy O'Neil, and Deputy Lowe, and alleges

---

[1] The Court notes that all errors in quotes are left uncorrected.

various constitutional violations. On October 18, 2024, the Court granted Plaintiff's application to proceed without prepaying fees or costs and issued an opinion and order partially dismissing the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief can be granted. (ECF Nos. 13, 14.) In this order, the Court dismissed with prejudice Defendants Judge Curtis Ivy, Jr., Judge Frances K. Behm, Nancy Abraham, Craig A. Daly, Sanford Plotkin, and Alan A. Crawford. (ECF No. 14, PageID.87.) The Court also dismissed with prejudice Plaintiff's claims against Corporal Nokes, Corporal White, Deputy O'Neil, and Deputy Lowe in their official capacity, and dismissed Plaintiff's First Amendment access to the courts claim against Corporal Nokes. (*Id.*) Plaintiff's First Amendment retaliation and Eighth/Fourteenth Amendment claims against Corporal Nokes in his individual capacity, and Plaintiff's claims against Corporal White, Deputy O'Neil, and Deputy Lowe in their individual capacities, remain in the case at this time. (*Id.* at PageID.87–88.)

On November 1, 2024, Plaintiff filed a document titled, "Petitioning the courts to amend civil complaint lawsuit objections to dismissal." (ECF No. 16.) In this document, Plaintiff states:

2

> 1.) Petitioner Jesse I KetzBeau incarcerated at Clare County Jail Harrison MI 48625 W. Main St 255
>
> 2.) Petitioner objection #1 to the dismissal of lawsuit against Nancy Abraham prosecutor AUSA would like time to amend proper constutional violation in prosecutor indivdaul capacity and jurisdiction
>
> 3.) Petitioner objection #2 to the dismissal of lawsuit against Craig A. Daly would like time to amend proper constutional violation an also to suit in his individaul capacity
>
> 4.) Petitioner objection #3 to the dismissal of lawsuit against Sanford Plotkin would like time to amend proper constutional violation an also to suit in his indivdaul capacity
>
> 5.) Petitioner objection #4 to the dismissal of lawsuit against Alan A Crawford would like time to amend proper constutional violation an also to suit in his indivdaul capacity
>
> 6.) would like to amend under the Federal Tort Claims Act Against USA, Federal, State, Local if court would allow it
>
> 7.) Petitioner objection #5 to Judge K.F. Behm Question of Jurisdiction over petitioner and criminal case also objection to the dismissal of lawsuit an give time for amend proper constutional violation

(ECF No. 16, PageID.94.)

The Court will liberally construe this document as a motion to amend the complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed. . . .'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). However, the motion must be stricken from the record.

3

First, Plaintiff's filing is in violation of Federal Rule of Civil Procedure 11(a) because it is not signed. "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

Additionally, Plaintiff's filing is in violation of Eastern District of Michigan Local Rule 15.1, which states:

> A party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. Failure to comply with this Rule is not grounds for denial of the motion.

E.D. Mich. LR 15.1.

Plaintiff did not attach a copy of his proposed amended complaint to his motion. (ECF No. 16.) Accordingly, his motion to amend the complaint is stricken.

Finally, to the extent that Plaintiff's "objections" to the Court's order constitute a motion for reconsideration, that motion is denied. Eastern District of Michigan Local Rule 7.1(h)(2) addresses motions for reconsideration of a non-final order:

4

> Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
>
>> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
>>
>> (B) An intervening change in controlling law warrants a different outcome; or
>>
>> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

E.D. Mich. LR 7.1(h)(2).

Plaintiff's filing, while timely, does not contain any grounds for the Court to reconsider its prior decision. Plaintiff states that he generally objects to the dismissal of five Defendants, but does not identify any mistake made by the Court, an intervening change in controlling law that would warrant a different outcome, or new facts. As such, to the extent Plaintiff's filing is a motion for reconsideration, it is denied.

For the reasons set forth above, Plaintiff's filing (ECF No. 16) is STRICKEN and not part of the record.

IT IS SO ORDERED.

Dated: November 7, 2024          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 7, 2024.

                                 s/William Barkholz
                                 WILLIAM BARKHOLZ
                                 Case Manager