UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JESSE I KETZBEAU, | Case No. 5:24-cv-11006 |
| *Plaintiff,* | Judith E. Levy |
| v. | United States District Judge |
| NOKES, et al., | Patricia T. Morris |
| | United States Magistrate Judge |
| *Defendants.* | |
| _____/ | |

**ORDER ON PLAINTIFF'S
MOTION TO COMPEL PRODUCTION AND
FOR LEAVE TO ASSERT JURY DEMAND (ECF No. 22)**

**I.   Introduction**

This is a civil rights action under 42 U.S.C. § 1983.  Plaintiff, proceeding *pro se*, is a pretrial detainee being housed in the Clare County Jail.  He alleges that the remaining Defendants—all Jail employees—have violated his constitutional rights. (ECF No. 1).

Before the Court is Plaintiff's motion to compel production of video recordings and for leave to assert a jury demand.  (ECF No. 22).  Defendants have filed a response.  (ECF No. 25).  Plaintiff has not filed a reply and the time permitted under Eastern District of Michigan Local Rule 7.1(e)(1)(B) to do so has expired.  For the reasons explained below, Plaintiff's motion will be **DENIED** as to his request to compel and will be considered **RESOLVED** as to his request for leave to assert a

1

jury demand.

## II. Request to Compel

Plaintiff moves to compel the production of the Jail's security camera recordings for the dates on which the alleged constitutional violations occurred. To date, no scheduling order has been entered, meaning the case has not yet proceeded to the discovery phase of litigation.

> Even though Plaintiff is proceeding *pro se*,
>
> he must comply with the appropriate court rules, including the Federal Rules of Civil Procedure and the Local Rules of the E.D. Michigan. During the discovery phase, Fed. Rules Civ. P. 26-37 are particularly relevant, as are the E.D. Mich. LRs regarding motion practice (E.D. Mich. LR 7.1) and discovery (E.D. Mich. LRs 26.1-37.2).

*Townsend v. Rhodes*, No. 4:14–CV–10411, 2015 WL 1781230, at *2, n.2 (E.D. Mich. Apr. 20, 2015). Under the Federal Rules, a party must send discovery requests to the party in possession of the relevant information or documents. It is improper for a party to file a discovery request with the Court. *See id*. ("[T]here are rules which govern the exchange of information *between parties* by way of interrogatories (Fed. R. Civ. P. 33), requests for the production of documents (Fed. R. Civ. P. 34) or requests for admission (Fed. R. Civ. P. 36)." (emphasis in original)); *Cook v. Sicilian*, No. 2:20-cv-781, 2020 WL 9159969, at *1 (S.D. Ohio Apr. 14, 2020) ("Plaintiff is again ORDERED to send discovery requests directly to the [d]efendants and not file them with the Court until or unless they are used in a proceeding or the Court orders

2

filing." (emphasis omitted)).  Moreover, "[a] party cannot successfully move for an order compelling the production of documents when that party did not first seek this information in accordance with Rule 34."  *Durham v. Mohr*, No. 2:14-cv-581, 2015 WL 9312105, at *3 (S.D. Ohio Dec. 23, 2015); *see* Fed. R. Civ. P. 37(a)(3)(B)(iv) (permitting a party to move for an order compelling production when a party fails to respond to a request pursuant to Rule 34).

Once a scheduling order has been entered, Plaintiff may seek discovery directly from Defendants.  Plaintiff should only file a motion to compel if he believes that Defendants have failed to properly respond to his discovery requests.  Any motion to compel must comply with the Federal Rules of Civil Procedure and the Eastern District of Michigan's Local Rules.

### III. <u>Leave to Assert Jury Demand</u>

In his motion, Plaintiff also states that he is entitled to a jury trial under the Seventh Amendment and requests leave to assert a jury demand.  This request is unnecessary.  Plaintiff indicated in his complaint that he wanted a jury trial.  (ECF No. 1, PageID.1).  Plaintiff's jury demand is reflected on the docket.  Defendants agree "that the Seventh Amendment entitles Plaintiff to a right to a jury trial."  (ECF No. 25, PageID.119).  Accordingly, there is no relief that the Court can grant Plaintiff as to his request for leave to assert a jury demand.

## IV. Conclusion

For the reasons stated above, Plaintiff's motion is **DENIED** as to his request to compel and deemed **RESOLVED** as to his request for leave to assert a jury demand.

**IT IS SO ORDERED.**

Date: January 23, 2025                                        S/PATRICIA T. MORRIS
                                                              Patricia T. Morris
                                                              United States Magistrate Judge