# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JESSE I KETZBEAU, | Case No. 5:24-cv-11006 |
| *Plaintiff,* | Judith E. Levy |
| v. | United States District Judge |
| NOKES, et al., | Patricia T. Morris |
| *Defendants.* | United States Magistrate Judge |

## ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL
## (ECF No. 41)

### I.   Introduction

This is a civil rights action under 42 U.S.C. § 1983.  Plaintiff Jesse Ketzbeau, proceeding *pro se*, is a pretrial detainee being housed in the Clare County Jail.  He alleges that the remaining Defendants—all Jail employees—have violated his constitutional rights.  (ECF No. 1).

Before the Court is Plaintiff's motion to appoint counsel.  (ECF No. 41).  Defendants have filed a response.  (ECF No. 42).  Plaintiff has not filed a reply and the time permitted under Eastern District of Michigan Local Rule 7.1(e)(1)(B) to do so has expired.  For the reasons explained below, Plaintiff's motion will be **DENIED WITHOUT PREJUDICE**.

1

## II. Legal Standard

Although federal district courts have discretion under 28 U.S.C. § 1915(e)(1) to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to court-appointed counsel in a civil case. *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003); *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995). The decision rests in the district court's discretion and will be overturned only if it impinges fundamental due process rights and amounts to an abuse of discretion. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992); *see also Richmond v. Settles*, 450 F. App'x 448, 452 (6th Cir. 2011).

The appointment of counsel is only justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993). In determining whether exceptional circumstances are present, a court must consider the "nature of the case," the complexity of the factual and legal issues involved, and the plaintiff's ability to represent themselves. *Id.* at 606; *see also Shavers v. Bergh*, 516 F. App'x 568, 571 (6th Cir. 2013); *Garrison v. Michigan Dep't of Corr.*, 333 F. App'x 914, 917–18 (6th Cir. 2009). The complexity of the case and the plaintiff's ability to handle it are "separate and distinct considerations." *Kensu v. Rapelje*, No. 12-11877, 2014 WL 585328, at *2 (E.D. Mich. Feb. 14, 2014). For example, the plaintiff's prior *pro se* experience is relevant to their ability to manage their current cases. *Id.*

**III.   Analysis**

Ketzbeau asserts indigency and the complexity of the constitutional violations alleged as the reasons that he should be appointed counsel.  As will be explained, these reasons are insufficient to demonstrate a unique or exceptional need for counsel at this time.  This is because "[f]actors such as indigency, imprisonment, and that the expertise of an attorney would help a plaintiff litigate the case 'apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances.' " *Harrison v. Oliver*, No. 2:23-CV-10655, 2023 WL 5489024, at *3 (E.D. Mich. Aug. 24, 2023), *aff'd*, 2023 WL 6973867 (E.D. Mich. Oct. 23, 2023) (quoting *Juide v. Michigan Dep't of Corr.*, No. 2:16-13806, 2017 WL 4251753, at *2 (E.D. Mich. Sept. 26, 2017)).  Further, discovery has closed in this matter, and the remaining issues regarding Ketzbeau's claims of retaliation and unconstitutional conditions of confinement are not unusually complex in terms of prisoner civil rights litigation.

Outside of the most exceptional cases, courts generally do not appoint counsel until after motions to dismiss or for summary judgment are decided.  *See Griffin v. Klee*, No. 2:14-CV-14290, 2015 WL 3407919, at *1 (E.D. Mich. May 27, 2015)*; Sigers v. Bailey*, No. 08-13298, 2009 WL 1617862, at *1 (E.D. Mich. June 9, 2009).  "In keeping with this policy, this Court almost always denies motions for appointment of counsel until after dispositive motions are decided."  *Burns v.*

3

*Brewer*, No. CV 18-10937, 2019 WL 13368510, at *1 (E.D. Mich. Apr. 10, 2019). Dispositive motions in this case are due by July 18, 2025, since this date has not yet passed, it is unknown whether any dispositive motions will be filed.

If any claims remain after dispositive motions are filed and ruled upon, then Ketzbeau may file a renewed motion for the appointment of counsel. For now, his motion for the appointment of counsel is denied without prejudice.

### IV. Conclusion

For these reasons, Ketzbeau's motion to appoint counsel (ECF No. 41) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Date: July 22, 2025

s/PATRICIA T. MORRIS
Patricia T. Morris
United States Magistrate Judge